IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armin Calbo Velasco,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-15-0735-PHX-DGC (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

　　Petitioner Armin Calbo Velasco has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.　SUMMARY OF CONCLUSION**

　　Petitioner's conviction became final on September 15, 2005, which was 35 days after the Arizona Court of Appeals affirmed his jury trial conviction and sentence. Petitioner's habeas deadline was statutorily tolled until post-conviction review ended on April 26, 2006. The instant petition was due April 27, 2007, absent equitable tolling, but it was not filed until April 23, 2015. Because there are no grounds for equitable tolling, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Facts of the Crimes

The Arizona Court of Appeals found the following facts as true:[1]

> Late in the evening of August 2, 2003, Appellant went to the victim's home and knocked loudly on the door. The knocking woke the victim's ten-year-old brother who had been sleeping on the couch. The victim's brother opened the door slightly. Appellant then pushed open the door and grabbed the victim's brother by the shirt and threw him behind the couch. Because he had a sore throat, the victim's brother did not yell out.
>
> Appellant then went into the bedroom where the eight-year-old victim and her sister slept. After unzipping his pants, Appellant went to the victim's bed, moved the victim so that she laid across the width of the bed, and removed the victim's pants and underwear. Appellant then sexually touched and molested the victim. Appellant further proceeded to engage in sexual conduct with the victim. During this incident, the victim tried to get up, but Appellant was holding her legs down with his legs. Appellant signaled to the victim that she should be quiet and not tell anyone. The victim's sister, who was sleeping in the bed next to the victim, witnessed Appellant's conduct with the victim. Both the victim and her sister saw and recognized Appellant at the time because he was their aunt's boyfriend. As Appellant was leaving the house, the victim's brother also recognized him.

(Doc. 7-1, Ex. O, at 83-84.)

### b. Charges, Convictions, and Sentencing of Petitioner

On March 10, 2004, after a five-day jury trial, Petitioner was convicted by a jury of "molestation of a child in the first degree, a class two felony and dangerous crime against children; sexual conduct with a minor under the age of twelve in the first degree, a class two felony and dangerous crime against children; kidnapping, a class two felony and dangerous crime against children; and burglary in the second degree, a class three felony." (Doc. 7-1, Ex. D, at 19; Doc. 7-1, Ex. O, at 82-83.)

On May 7, 2004, the court sentenced Petitioner to terms of 17 years' imprisonment for Count 1, life imprisonment without the possibility of parole for 35 years for Count 2 (consecutive to Count 1), 17 years' imprisonment for Count 3 (consecutive to Count 2), and 3.5 years' imprisonment for Count 4 (concurrent with

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

Counts 1, 2, and 3). (Doc. 7-1, Ex. E, at 22-23.)

### c. Petitioner's Direct Appeal

On December 3, 2004, Petitioner's appellate counsel filed an opening brief in the Arizona Court of Appeals, stating that she had searched the record pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 451 P.2d 878 (Ariz. 1969), but was unable to find a non-frivolous argument to present. (Doc. 7-1, Ex. J, at 41.) At Petitioner's request, counsel raised the issue of insufficient evidence based upon a lack of identification at trial. (*Id*. at 64.) The court of appeals granted Petitioner additional time to file a *pro se* brief (Doc. 7-1, Ex. M, at 73), but he declined to do so (Doc. 7-1, Ex. O, at 83). On August 11, 2005, after reviewing the entire record (including Petitioner's identification argument), the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 7-1, Ex. O, at 87-88.)

### d. Petitioner's First Post-Conviction Relief Proceeding

On May 20, 2004, before his direct appeal commenced, Petitioner filed a PCR notice. (Doc. 7-1, Ex. R, at 99.) After PCR counsel was appointed, Petitioner moved to dismiss his PCR matter with leave to refile after the conclusion of the direct appeal. (Doc. 7-1, Ex. T, at 107.) On August 17, 2004, the trial court dismissed this PCR proceeding. (Doc. 7-2, Ex. U, at 2.)

### e. Petitioner's Second Post-Conviction Relief Proceeding

On October 28, 2005, Velasco filed a second PCR notice. (Doc. 7-2, Ex. V, at 4.) On February 2, 2006, counsel filed a notice of completion stating counsel was unable to find any claims for Rule 32 relief. (Doc. 7-2, Ex. X, at 12.) On April 26, 2006, the trial court dismissed the second PCR proceedings because no PCR petition had been filed by the deadline of March 24, 2006. (Doc. 7-2, Ex. Y, at 15.) On March 24, 2008, Petitioner requested preparation of the PCR record. (Doc. 7-2, Ex. Z, at 17.) On March 26, 2008, the trial court found that no PCR proceeding was pending and denied the request. (Doc. 7-2, Ex. AA, at 20.)

### f. Petitioner's Third Post-Conviction Relief Proceeding

On July 16, 2012, Petitioner filed a third PCR Notice. (Doc. 7-2, Ex. BB, at 22.)

On the same date, Petitioner filed a petition and brief alleging (1) insufficient evidence and withholding of DNA evidence, (2) ineffective assistance of counsel, and (3) that his sentence was excessive and disproportionate. (Doc. 7-2, Ex. CC, at 32-41.) On August 8, 2012, the trial court dismissed the petition finding Petitioner could not "raise claims of this nature in an untimely or successive notice of post-conviction relief." (Doc. 7-2, Ex. FF, at 58.) The court found that Petitioner's "prior Rule 32 proceedings were dismissed by the Court on August 17, 2004 and April 26, 2006." (*Id*.)  On September 4, 2012, the trial court denied Petitioner's motion for reconsideration. (Doc. 7-2, Ex. HH, at 65.)

On October 1, 2012, Petitioner filed a *pro se* Petition for Review in the Arizona Court of Appeals. (Doc. 7-2, Ex. II, at 67.)  The Arizona Court of Appeals granted review, but denied relief. The court found the third PCR was "a successive proceeding" and properly dismissed. *State v. Velasco*, No. 2 CA-CR 2013-0448-PR, 2014 WL 340380, at *1 (Ariz. Ct. App. Jan. 29, 2014) (finding none of Petitioner's arguments "fell within the subsections of Rule 32.1 that may be raised in a successive post-conviction proceeding").

On February 18, 2014, Petitioner submitted a *pro se* Petition for Review in the Arizona Supreme Court, alleging that there was insufficient evidence to support his convictions. (Doc. 7-2, Ex. NN, at 85.) On July 25, 2014, the Arizona Supreme Court summarily denied the Petition for Review. (Doc. 7-2, Ex. OO, at 93.) Petitioner filed a "request for reconsideration" with the Arizona Supreme Court, which the Court also denied. (Doc. 7-2, Ex. QQ, at 102.)

### g. Petitioner's Federal Habeas Petition

On April 23, 2015, Petitioner filed this habeas Petition. (Doc. 1.) On July 14, 2015, Respondents filed a Limited Answer to the Petition. (Doc. 7.)  Petitioner raises the following grounds for relief:

1. Trial counsel was ineffective in violation of Petitioner's Sixth Amendment rights based upon a failure to obtain DNA evidence, present alibi testimony, present expert testimony, and to allow Petitioner to testify at trial;

2. Petitioner's sentence was excessive due to a failure to present

- 4 -

>    mitigation evidence and bias by the trial judge in violation of Petitioner's Eighth Amendment rights;
>
> 3. The State withheld exculpatory evidence (DNA and alibi witnesses) in violation of the Fourteenth Amendment; and
>
> 4. The State committed prosecutorial misconduct by failing to present exculpatory evidence in violation of Petitioner's Fourteenth Amendment rights.

(Doc. 1.)

## III.   THE PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244.

### a.  Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Here, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on August 11, 2005.  (Doc. 7-1, Ex. O, at 83.)  Petitioner then had 35 days to file a petition for discretionary review with the Arizona Supreme Court.  *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."); Ariz. R. Crim. P. 1.3 (expanding time limits by five days after service by mail); *State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989). Petitioner did not file for review with the Arizona Supreme Court.  Petitioner's conviction thus became final 35 days later on September 15, 2005, when his time to seek review in the Arizona Supreme Court expired.

### b.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

On October 28, 2005, Petitioner filed a timely PCR notice.[2] (Doc. 7-2, Ex. V, at 4.)  The one-year deadline to file a federal habeas will be tolled while "a properly filed application for State post-conviction . . . review . . . is pending." 28 U.S.C. § 2244(d)(2). On April 26, 2006, the trial court dismissed the second PCR proceeding.[3] (Doc. 7-2, Ex. Y, at 15.) Petitioner did not file a petition for review with the court of appeals. Because nothing was pending after the trial court's decision, the statute of limitations began running the next day—on April 27, 2006. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (statute of limitations was tolled until date on which notice of post-conviction relief was dismissed where no petition for review was filed). The limitations period continued running uninterrupted for one year—until April 27, 2007—when it expired.

The statute of limitations was not tolled by Petitioner's third PCR proceeding. The Arizona Court of Appeals found the third PCR was "a successive proceeding" and properly dismissed. *Velasco*, 2014 WL 340380, at *1.   This filing was not a "properly filed" state action for post-conviction relief because it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCR petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Once the AEDPA limitations period expires, a subsequently filed state

---

[2] The order and mandate from Petitioner's direct appeal issued on September 29, 2005.  (Doc. 7-1, Ex. P.)  Respondents agree that Petitioner was required to file his PCR notice by October 29, 2005. (Doc. 7 at 13.) *See* Ariz. R. Crim. P. 32.4(a).

[3] Although the order of dismissal is dated April 26, 2006, the order also states that it was filed on May 3, 2006.  (Doc. 7-2, Ex. Y, at 15.)  The filing date is not relevant here because Petitioner did not file the instant Petition until 2015.

- 6 -

post-conviction proceeding cannot restart the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Here, the instant petition was due April 27, 2007, absent equitable tolling.

### c. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

In his Petition, Petitioner asserts "this is a timely petition for writ of habeas." (Doc. 1 at 11.) Petitioner offers no grounds for equitable tolling and none appear in the record. A claim of actual innocence could merit equitable tolling. *See Lee v. Lampert*, 653 F.3d 929, 932–933 (9th Cir. 2011) (en banc) ("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup*[4] gateway and have his otherwise

---

[4] *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995).

time-barred claims heard on the merits."). The Court is mindful that the grounds for equitable tolling under § 2244(d) are highly fact-dependent and considered on a case-by-case basis. *See Holland v. Florida*, 560 U.S. 631 (2010). Here, Petitioner presents nothing other than an unsubstantiated claim that DNA evidence and alibi testimony would exonerate him. Petitioner's mere assertion fails because his claim must be founded upon "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not established that equitable tolling is warranted in this proceeding.

This Petition was due April 27, 2007. It was filed on April 23, 2015. The Petition is untimely.

## IV.  EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve this question. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). Petitioner has not asserted grounds for equitable tolling, and an evidentiary hearing is not mandatory.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 9th day of February, 2016.

Honorable John Z. Boyle
United States Magistrate Judge