**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armin Calbo Velasco,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-15-00735-PHX-DGC<br><br>**ORDER** |

      On April 15, 2015, Petitioner Armin Calbo Velasco filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Court referred the petition to Magistrate Judge John Z. Boyle. Doc. 2. On February 9, 2016, Judge Boyle issued a report and recommendation ("R&R") that the Court dismiss the petition as untimely. Doc. 8. Petitioner filed a pro se objection to the R&R. Doc. 9. For the reasons set forth below, the Court will overrule his objection and adopt Judge Boyle's recommendation that the petition be dismissed.

**I.    Background.**

      **A.    Velasco's Conviction.**

      The Arizona Court of Appeals provided the following summary of the crime underlying Velasco's conviction:

> Late in the evening of August 2, 2003, [the perpetrator] went to the victim's home and knocked loudly on the door. The knocking woke the victim's ten-year-old brother who had been sleeping on the couch. The victim's brother opened the door slightly. [The perpetrator] then pushed open the

> door and grabbed the victim's brother by the shirt and threw him behind the couch. Because he had a sore throat, the victim's brother did not yell out.
>
> [The perpetrator] then went into the bedroom where the eight-year-old victim and her sister slept. After unzipping his pants, [the perpetrator] went to the victim's bed, moved the victim so that she laid across the width of the bed, and removed the victim's pants and underwear. [The perpetrator] then sexually touched and molested the victim. [The perpetrator] further proceeded to engage in sexual conduct with the victim. During this incident, the victim tried to get up, but [the perpetrator] was holding her legs down with his legs. [The perpetrator] signaled to the victim that she should be quiet and not tell anyone. The victim's sister, who was sleeping in the bed next to the victim, witnessed [the perpetrator's] conduct with the victim. Both the victim and her sister saw and recognized [the perpetrator] at the time because he was their aunt's boyfriend. As [the perpetrator] was leaving the house, the victim's brother also recognized him.

Doc. 7-1 at 83-84.

At trial, the victim's sister identified Velasco as the perpetrator. *Id.* at 85. A police officer also testified. According to the officer, Velasco admitted to consuming eight beers, getting into a fight with his girlfriend, and going to the victim's house on the day in question. *Id.* He denied engaging in any inappropriate touching of the victim, but stated that he "didn't remember" what happened while he was at the victim's house. *Id.* Based on this evidence, Velasco was convicted of child molestation, sexual conduct with a minor under the age of twelve, kidnapping, and burglary. *Id.* Velasco was sentenced to life without possibility of parole for 69 years. *Id.*

Petitioner's conviction and sentence were affirmed by the Arizona Court of Appeals. Doc. 7-1 at 83. Petitioner's appellate counsel then informed him that there was no reasonable probability that the Arizona Supreme Court would review his case, and he declined to seek further review. Doc. 1 at 21.

**B.     Statute of Limitations.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on

1 which the judgment became final by the conclusion of direct review or the expiration of
2 the time for seeking such review." § 2244(d)(1)(A).  The limitations period is subject to
3 both statutory tolling and equitable tolling.  Statutory tolling is available for "[t]he time
4 during which a properly filed application for State post-conviction or other collateral
5 review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).
6 Equitable tolling is available where "extraordinary circumstances beyond a prisoner's
7 control ma[d]e it impossible to file a petition on time."  *Roy v. Lampert*, 465 F.3d 964,
8 968 (9th Cir. 2006).  In addition, a petitioner is entitled to an equitable exception to the
9 AEDPA's statute of limitations if he makes "a credible showing of actual innocence."
10 *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

### C.     The R&R.

Judge Boyle determined that (1) the AEDPA limitations period began to run on September 15, 2005, the last day on which Velasco could have petitioned the Arizona Supreme Court for direct review of his conviction; (2) the limitations period was subject to statutory tolling from October 28, 2005 through April 26, 2006, during which Velasco's petition for post-conviction review ("PCR") was pending; and (3) the limitations period was not subject to any additional statutory tolling because Velasco did not have a "properly filed" PCR petition pending in state court at any time after April 26, 2006. Doc. 8 at 4.  Next, Judge Boyle determined that Velasco was not entitled to equitable tolling because he had not shown that extraordinary circumstances made it impossible for him to file a timely habeas petition.  *Id.* at 7.  Finally, Judge Boyle determined that Velasco was not entitled to an equitable exception to the limitations period because he had not made a credible showing of actual innocence.  *Id.* at 8.  Based on these findings, Judge Boyle concluded that the limitations period expired on April 27, 2007, making Velasco's petition almost eight years late.  *Id.*

### D.     Velasco's Objections.

In his written objections, Velasco argues that (1) he is entitled to equitable tolling for the period between May 2006 and February 2008; (2) he is entitled to statutory tolling

for some period in March and April 2008; (3) he is actually innocent, and can show as much if an evidentiary hearing is held. Doc. 9 at 3-6. The Court reviews Velasco's objections de novo; the portions of the R&R to which he does not object will be adopted without further discussion. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## II. Analysis.

### A. Tolling.

Velasco contends that he is entitled to equitable tolling for the period between May 2006 and February 2008, when he diligently pursued his rights but was impeded by the fact that his legal materials were in the possession of an inmate legal assistant who had been transferred to another prison unit. Doc. 9 at 2-5. He also argues that he is entitled to statutory tolling for some period of time in March and April 2008, when he had a successive PRC petition pending. *Id.* at 3-4. Together, these periods constitute about two years. But Velasco's petition is nearly eight years late, which means his claim would be untimely even if he were entitled to all of the tolling he claims. It is therefore unnecessary for the Court to determine whether Velasco would otherwise be entitled to tolling. *See Watson v. Woodford*, 247 F. App'x 938, 940 (9th Cir. 2007).

### B. Actual Innocence.

The ADEPA's statute of limitations does not apply to habeas petitions that make "a credible showing of actual innocence." *McQuiggin*, 133 S. Ct. at 1931. To make such a showing, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that, if the new evidence had been presented at trial, "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin*, 133 S. Ct. at 1933 (citing *Schlup*, 513 U.S. at 325) (internal formatting omitted).

The Ninth Circuit has explained that "a habeas petitioner should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him

- 4 -

to equitable tolling." *Roy*, 465 F.3d at 969.  The Ninth Circuit has not specifically "articulat[ed] a legal standard regarding when an evidentiary hearing on a gateway *Schlup* claim is required." *Stewart v. Cate*, 757 F.3d 929, 941 (9th Cir. 2014).  It is clear, however, that conclusory allegations about the existence of new evidence do not suffice.  As *Schlup* explained, habeas courts are entitled to consider the "credibility of the affiants" and "probable reliability of [new] evidence" in deciding whether to hold an evidentiary hearing.  *Schlup*, 513 U.S. at 325.  Implicit in this formulation is an understanding that the petitioner's allegations regarding the existence of new evidence must be plausible and substantiated by some sort of evidentiary submission.

Velasco contends that DNA found on the victim did not match his DNA, alibi witnesses who were not called at trial could testify to his whereabouts on the night of the crime, and other witnesses could identify the person who actually committed the crime.  Docs. 1 at 6; 9 at 5.  Although an evidentiary hearing would be justified if there were reason to believe that Velasco could produce this evidence, *see House v. Bell*, 547 U.S. 518, 540 (2006) (petitioner who presented new DNA evidence was entitled to pass through *Schlup* gateway); *Garcia v. Portuondo*, 334 F. Supp. 2d 446, 455-56 (S.D.N.Y. 2004) (petitioner who presented credible alibi evidence was entitled to pass through *Schlup* gateway), Velasco provides nothing to support his assertions.  He does not point to anything in the record indicating that a DNA sample was ever taken from the victim.  He asserts that the prosecutor withheld exculpatory DNA evidence, but provides nothing to support this assertion.  Nor does Velasco identify the witnesses he intends to call or explain what their testimony would be.  He attaches some 39 pages of documents to his petition (Doc. 1), but they contain nothing but court records from the trial and appellate courts in this case.  Those records do not discuss or contain any of the evidence Velasco asserts in support of his actual innocence, and he presents nothing else to support or corroborate his bare allegations regarding DNA evidence and exculpatory witnesses.

In short, Velasco does not present any "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.  Nor does he explain where or how this evidence could be found.  Velasco therefore is not entitled to an evidentiary hearing on his claim of actual innocence.

**IT IS ORDERED:**

1. Magistrate Judge John Z. Boyle's R&R (Doc. 8) is **accepted**.
2. Velasco's petition (Doc. 1) is **denied** with prejudice.
3. The Clerk of the Court is directed to **terminate** this action.

Dated this 11th day of March, 2016.

_____
David G. Campbell
United States District Judge